UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RYAN EHA, | 1:15-cv-01421-LJO-EPG-PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| vs. | (ECF No. 10.) |
| NORTH KERN STATE PRISON, | |
| Defendant. | |

David Ryan Eha ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 21, 2015. (ECF No. 1.) On October 28, 2015, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 10.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The fact that Plaintiff is indigent and unable to afford counsel does not make Plaintiff's case exceptional. At this early stage of the proceedings, Plaintiff's Complaint awaits the Court's requisite screening, and therefore the Court has not yet found any cognizable claims upon which Plaintiff may proceed. Thus, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on a review of the Complaint, the Court finds that Plaintiff can adequately articulate his claims.[1] Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 16, 2015**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's Complaint arises from his allegations that he has not received his allotment of indigent envelopes in a timely manner.