1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID RYAN EHA,

            Plaintiff,

    v.

NORTH KERN STATE PRISON,

            Defendants.

1:15-CV-01421-LJO-EPG-PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT

Plaintiff David Ryan Eha ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 21, 2015.  (ECF No. 1.)   In Plaintiff's Complaint, Plaintiff claims that the indigent envelope delivery system at North Kern State Prison ("NKSP") was late to deliver envelopes.  For the reasons described below, the Court dismisses Plaintiff's complaint with leave to amend.

I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II.   SUMMARY OF COMPLAINT

Plaintiff alleges that the indigent envelope delivery system in NKSP at the cell hall of D-2-B was late to deliver their envelopes for over five weeks straight, beginning on July 13, 2015.  At one point, for four weeks, no indigent envelopes had been delivered.  As of the time of the complaint, the delivery system was still about a week behind in delivery.  Even though Plaintiff now has his five envelopes for each week, Plaintiff asks for a stricter rule going forward.  Plaintiff also requests criminal charges against the individuals who caused the delay, as well as $54.8 billion in a single one-time payment.

///

///

1    **III.**    **ANALYSIS OF PLAINTIFF'S CLAIMS**

2        **A.**    **Legal Standards**

3        Section 1983 provides a cause of action against any person who, under color of state

4  law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation

5  of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  "A

6  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

7  section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

8  perform an act which he is legally required to do that causes the deprivation of which complaint

9  is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "In a § 1983 action, the

10  plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the

11  claimed injury.  To meet this causation requirement, the plaintiff must establish both causation-

12  in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008)

13  (internal citations omitted).  Proximate cause requires "'some direct relation between the injury

14  asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S.

15  1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

16        Prisoners have a right under the First and Fourteenth Amendments to litigate claims

17  challenging their sentences or the conditions of their confinement without direct interference

18  from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d

19  1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, the right

20  of access is merely the right to bring to court a grievance the inmate wishes to present, and is

21  limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at

22  354. To claim a violation of this right, a plaintiff must show that he has suffered an actual

23  injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002);

24  Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has

25  directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual

26  injury" as "actual prejudice with respect to contemplated or existing litigation, such as the

27  inability to meet a filing deadline or to present a claim").

28  ///

**B.      Analysis of Plaintiff's Claims in Light of Legal Standards**

Plaintiff's complaint fails to state a claim under the legal standards cited above.

Plaintiff has not alleged that he was injured by interference by NKSP in the provision of

envelopes.  A delay in the provision of envelopes in insufficient.  Moreover, violating an

internal prison rule in itself does not establish a constitutional violation under section 1983.

Plaintiff must establish that the prison directly interfered with the right to bring a grievance to

the court for criminal appeals, habeas petitions, and civil rights actions.  Plaintiff's complaint

also fails to specify which individuals were liable for this interference.

**IV.      CONCLUSION**

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon

which relief may be granted under § 1983.  The Court will dismiss this complaint and give

Plaintiff leave to amend to file an amended complaint addressing the issues described above.  If

Plaintiff chooses to amend his complaint, he should describe how the delay in the delivery of

envelopes harmed his ability to access the courts, as described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be

freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with time

to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203

F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint

within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed

above.  Specifically, Plaintiff must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556

U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat*

*superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556

U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the

deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety,

which is sufficiently serious.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not

for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-01421-LJO-EPG-PC; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will recommend to the district judge that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **October 6, 2016**          /s/ *Erica P. Grosjean*

                                                                 UNITED STATES MAGISTRATE JUDGE

5