UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RYAN EHA, <br><br> Plaintiff, <br><br> v. <br><br> NORTH KERN STATE PRISON, *et al.* <br><br> Defendants. | Case No. 1:15-cv-01421-LJO-EPG-PC <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE** |

      Plaintiff is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed his complaint on September 21, 2015. (ECF No. 1.)

      On October 6, 2016, the Court issued an order dismissing Plaintiff's complaint for failure to state a claim and granting him leave to file an amended complaint. (ECF No. 15.) The amended complaint was to be filed within 30 days and Plaintiff was warned that a failure to file an amended complaint would lead to dismissal of his action.

      On October 28, 2016, the Court received a notice stating that the order could not be delivered to Plaintiff by mail because Plaintiff had been paroled on December 9, 2015. Plaintiff has not updated his address since that time. The 30 day period for Plaintiff to file an amended complaint has now expired.

      To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Plaintiff is required to keep the Court apprised of his current address at all times. *See* CAED-LR 183. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.,* quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since September 21, 2015.  Plaintiff has been instructed to file an amended complaint and has not complied. He has also failed to update his mailing address in over a year. Both of these facts reflect Plaintiff's lack of interest in prosecuting this case. The Court cannot continue to expend resources on a case that Plaintiff has no interest in litigating. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991.  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. Even were the Court to impose lesser sanctions, it is unlikely that

Plaintiff would ever receive notice of those sanctions because he has not updated his mailing address. Thus, they would not induce compliance.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643.  Even this factor is mitigated, however, by the fact that Plaintiff's lack of action means that there is no active complaint in this case.  Thus, any "merits" the case may have are entirely hypothetical.

Moreover, there is now no operative complaint in this case because Plaintiff's complaint was dismissed and he has elected not to file an amended complaint. The Court must dismiss any action where the "action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff was warned that a failure to file an amended complaint would result in the dismissal of his action.  (ECF No. 15.)  Accordingly, this case should be dismissed.

Based on the foregoing, the Court RECOMMENDS that:

1. This action be DISMISSED for Plaintiff's failure to comply with the Court's order issued on October 6, 2016 and for Plaintiff's failure to prosecute this action; and,
2. The Clerk of Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 25, 2017**                    /s/ Erica P. Grosjean
                                                                                      UNITED STATES MAGISTRATE JUDGE